**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CLEAN FUELS OF INDIANA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-03119-TWP-MPB |
| | ) | |
| RIVERPORT INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of Defendant Riverport Insurance Company. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Complaint alleges that "[u]pon information and belief, the Defendant, RIVERPORT INSURANCE COMPANY ("RIVERPORT"), is a corporation organized under the laws of Iowa, with its principal place of business located at 222 South 9th Street, Suite 2700, Minneapolis, Minnesota 55402." (Filing No. 1 at 1.) This allegation made upon information and belief is not sufficient to allow the Court to determine whether diversity jurisdiction exists.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should identify the citizenship of Defendant. This jurisdictional statement is due **ten (10) days** from the date of this Entry.

**SO ORDERED.**

Date: 12/5/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

E. Scott Treadway
EST LAW, LLC
scott@estlawllc.com

John R. Darda
Maslon, Edelman, Borman & Brand, LLP
Suite 3300
90 S 7th St
Minneapolis, MN 55402-4140

Margo S. Brownell
Maslon, Edelman, Borman & Brand, LLP
Suite 3300
90 S 7th St
Minneapolis, MN 55402-4140

Jennifer Erin Hoge
Rissman, Barrett, Hurt, Donahue, McLain & Mangan, PA
201 E Pine St - Ste 1500
PO Box 4940
Orlando, FL 32802-4940

John Pendleton Daly
Rissman, Barrett, Hurt, Donahue, McLain & Mangan, PA
201 E Pine St - Ste 1500
PO Box 4940
Orlando, FL 32802-4940

Diana Widjaya
Ver Ploeg & Lumpkin, PA
30th Floor
100 SE 2nd St
Miami, FL 33131-2158

Richard Hugh Lumpkin
Ver Ploeg & Lumpkin, PA
30th Floor
100 SE 2nd St
Miami, FL 33131-2158